UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JUEDISHA P. ATKINS,

    Plaintiff,

v.

CREDIT MANAGEMENT, LP,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed a letter into this District.

## PARTIES

3. Plaintiff, JUEDISHA P. ATKINS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, CREDIT MANAGEMENT, LP, ("Credit Management") is a limited partnership formed under the laws of the State of Nevada and citizen of the State of Texas with its principal place of business at 4200 International Parkway, Carrollton, Texas 75007.

5. Defendant is registered with the Florida Department of State Division of Corporations as a foreign limited partnership. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt for Plaintiff's television service used for her own personal, family and household purposes.

11. Plaintiff obligation, ("the alleged debt"), went into default.

12. On or about June 20, 2016, Defendant mailed a letter to Plaintiff regarding the alleged debt, a true copy of which is attached as Exhibit "A", along with the mailing envelope, ("the collection letter").

13. The letter was the first communication Plaintiff received from Defendant regarding the alleged debt.

14. On information and belief, the letter was the first communication Defendant sent to Plaintiff regarding the alleged debt.

15. The letter does not identify the name of the present creditor to whom the alleged debt is owed.

16. The FDCPA requires a debt collector to state in the initial letter "the name of the creditor to whom the debt is owed…" 15 U.S.C. §1692g(a)(2).

17. The representation in the letter that the original creditor is "Comcast" does not identify the name of the creditor to whom the debt was owed at the time the letter was sent.

18. The identification of the original creditor, without more, creates confusion as to whom the alleged debt is presently owed.

19. Plaintiff is harmed by the inability to know with certainty the identity of the party to whom she is currently indebted.

20. The letter states in relevant part: "[i]f this account remains unresolved, it will become eligible for credit bureau reporting after the 30-day validation period referenced on the back of this letter has ended".

21. Defendant's representation implies the intent to engage in credit reporting of the alleged debt.

22. Defendant has no means of determining the date of Plaintiff's receipt of the collection letter.

23. Defendant has no means of determining the date the 30 day validation period commences.

24. Defendant has no means of determining the expiration of the 30 day validation period.

25. Defendant has no means of determining when Plaintiff received its letter or if she received it at all.

26. Defendant is particularly unable to determine the date of Plaintiff's receipt of the collection letter when the letter is addressed to an outdated address, as this one is, and is subsequently forwarded by the post office to Plaintiff's current address.

27. The post office forwarded the letter as demonstrated by its yellow address label affixed to the mailing envelope. See mailing envelope attached to the collection letter, Exhibit "A".

28. Defendant's lack of knowledge of the date of Plaintiff's receipt of the collection letter precludes it from determining the expiration of the 30 day validation period afforded Plaintiff under 15 U.S.C. §1692g(a) during which time she retains the right to dispute the alleged debt.

29. Defendant's claim and implication that the alleged debt will become eligible for credit bureau reporting at any specific date is false and misleading.

30. Defendant's claim that it intends to report the alleged debt to credit bureaus on a date it cannot determine is false and misleading.

31. Defendant represented that it intended to report the alleged debt to credit bureaus on a date certain when it had so such intent.

32. Defendants threat of credit reporting harmed Plaintiff .

## COUNT I
## FAILURE TO STATE THE NAME OF THE CREDITOR TO WHOM THE DEBT IS OWED

33. Plaintiff incorporates Paragraphs 1 through 32.

34. Defendant's letter fails to state the name of the creditor to whom the alleged debt is owed in violation of 15 U.S.C. §1692g(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a.   Damages;

   b.   Attorney's fees, litigation expenses and costs of suit; and

   c.   Such other or further relief as the Court deems proper.

## COUNT II
## CREATION OF CONFUSION AS TO THE NAME OF THE CREDITOR TO WHOM THE DEBT IS OWED

35. Plaintiff incorporates Paragraphs 1 through 32.

36. Defendant's letter creates confusion as to Plaintiff's right to know the name of the creditor to whom the alleged debt is owed in violation of 15 U.S.C. §1692g.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a.   Damages;

   b.   Attorney's fees, litigation expenses and costs of suit; and

   c.   Such other or further relief as the Court deems proper.

## COUNT III
## FALSE AND MISLEADING REPRESENTATION OF THE IDENTITY OF THE CURRENT CREDITOR

37. Plaintiff incorporates Paragraphs 1 through 32.

38. Defendant's letter falsely and misleadingly fails to identify the current creditor in violation of 15 U.S.C. §1692e generally and 15 U.S.C. §1692e(10) specifically.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE AND MISLEADING REPRESENTATION REGARDING CREDIT REPORTING

39. Plaintiff incorporates Paragraphs 1 through 32.

40. Defendant's letter falsely and misleadingly represents the qualification or eligibility of the alleged debt for credit reporting in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## THREAT TO TAKE ACTION THAT CANNOT LEGALLY BE TAKEN OR IS NOT INTENDED TO BE TAKEN

41. Plaintiff incorporates Paragraphs 1 through 32.

42. Defendant's letter threatens to take action that cannot legally be taken or is not intended to be taken with respect to credit reporting of the alleged debt in violation of 15 U.S.C. §1692e(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842
    Ft. Lauderdale, FL 33339
    Telephone: 954-537-2000
    Facsimile: 954-566-2235
    don@donyarbrough.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658